IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID RODRIGUEZ #582665 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1398 |
| WINDHAM EDUCATIONAL DEPARTMENT, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff David Rodriguez, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are the Windham Educational Department of TDCJ and Mr. Flowers, identified as "Principal, c/o Michael Unit, 2664 FM 2054, Tennessee Colony, Texas."

**I. Background**

Plaintiff's original complaint reads, in its entirety, as follows:

I am being denied education (special ed) by the Windham School at the Michael Unit. I have made an effort to complete GED. I have ern [sic] 426 hours and still no certificate of merit nor a letter of recommendation to support me to present to parole. I've tried to enroll in theMROP [Mentally Retarded Offender Program] and I got the runaround. I am not on no kind of psychologicalmedication and I am being refused Ed. by TDCJ, if no ed must enroll in order to be granted parole. Because of this I have been set-off (5) five to be granted parole.

For relief, Rodriguez asks that TDCJ be required to follow its own policies in providing educational opportunities.

1

In grievances attached to his complaint, Rodriguez aserted that he was told he is being denied enrollment in the adaptive skills program at the Hodge Unit because of his psychiatric status, but he does not believe this is a valid reason. The responses to his grievances indicate that the State Classification Committee denied his request to enroll in the program due to a "psych requirement." Exhibits furnished by Rodriguez show that he has over four thousand hours of special education classes but no progress in testing and the school no longer sees students over 22 years of age in special education.

Rodriguez's first amended complaint reads, in its entirety, "Mr. Flowers principal of the Windham Ed. Dept. has denied me education. Why? No reason." For relief in his amended complaint, Rodriguez asks that the Court grant him legal representation to stop the Windham education department from going against TDCJ policies.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge first observed that the decision not to allow Rodriguez to enroll in the adaptive skills course was made by the State Classification Committee, but Rodriguez had not sued the Committee or its members. Thus, the Magistrate Judge determined that none of the named Defendants had the power to grant the injunctive relief sought by Rodriguez.

In addition, the Magistrate Judge stated that Rodriguez failed to show the violation of a protected liberty interest. Prisoners do not have a constitutional right to educational or rehabilitative programs or services. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *Newman v. State of Alabama*, 559 F.2d 283, 292 (5th Cir. 1977), *rev'd in part on other grounds sub nom. Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

Although Rodriguez appeared to argue that the denial of the educational programs he believed appropriate violated prison and school district policies, the Magistrate Judge stated that a violation of prison regulations and policies itself did not rise to the standard of a constitutional claim. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154,

2

1158 (5th Cir. 1986). Because Rodriguez did not demonstrate a violation of the Constitution or laws of the United States, the Magistrate Judge recommended that the lawsuit be dismissed.

### III. The Plaintiff's Objections

Rodriguez filed objections to the Report stating the Magistrate Judge had not been assigned to the case, but the case was instead assigned to the Hon. Robert W. Schroeder, United States District Judge. He attaches a copy of an order signed by Judge Schroeder transferring the case to the docket of Chief Judge Ron Clark. Rodriguez also asserted that he was denied legal representation, the State Classification Committee and the Unit have the same information, and he is not on psychiatric medication.

Rodriguez also filed a second amended complaint after receiving the Magistrate Judge's Report. He did not ask for or receive leave of Court to file a second amended complaint. This second amended complaint names the State Classification Committee and reads, in its entirety, as follows:

> They have denied me education because of my mental illness. Being mentally retarded from birth. I am not under no psychological medication to keep me from attending education, due to the classification state committee [sic] I am not eligible for education.

The only relief sought in the amended complaint is "to run this claim concurrent with civil action no. 6:16cv398."

### IV. Discussion

The Magistrate Judge correctly determined that Rodriguez has no constitutional right to enrollment in an educational program, and Rodriguez does not object to this finding. The fact that the case was referred to the Magistrate Judge, who entered a Report recommending disposition of the case, does not show any error. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) (consent of the parties is not required for a referral of preliminary matters to the Magistrate Judge). Likewise, the fact that Rodriguez was not appointed counsel does not show a basis to reject the Magistrate Judge's Report. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (civil rights plaintiffs have no automatic right to appointment of counsel unless the case presents exceptional circumstances).

3

Rodriguez's second amended complaint is not properly before the Court because he did not seek or obtain leave to amend. Fed. R. Civ. P. 15(a) (parties may amend their pleadings once as a matter of course, and in other cases only with the opposing party's written consent or the court's leave). Even assuming this second amended complaint was properly before the Court, Rodriguez has nonetheless failed to show a constitutional violation. The only named Defendant in the second amended complaint is the State Classification Committee, which is an agency of the State of Texas and thus immune from suit under 42 U.S.C. §1983. *Clark v. Strong*, civil action no. 5:06cv179, 2006 WL 3446382 (E.D.Tex., November 27, 2006) (State Classification Committee is immune from suit as a state agency), *citing Pete v. Metcalfe*, 8 F.3d 214, 216 (5th Cir. 1993).

Nor does Rodriguez's speculation that he was denied educational opportunities because he suffers from mental illness amount to a constitutional violation. The documents he provided show that he has accumulated over 4,000 hours of special education classes, plainly demonstrating that he has not been denied educational opportunities despite his claim of mental illness. However, the school no longer sees students over the age of 22 in special education. He also acknowledges that he is not on any psychiatric medication. The only relief sought is that the Texas prison be ordered to follow its own policies, but the prison's failure to follow its own policies does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006). Rodriguez has not shown a violation of the Constitution or laws of the United States and his objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **13** day of **June, 2017.**

_____
Ron Clark, United States District Judge